IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER ADAM ERWIN,

    **Plaintiff,**

    v.                                      CASE NO. 22-3170-JWL-JPO

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Christopher Adam Erwin is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein. Plaintiff is also given the opportunity to file a second amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). Plaintiff brings this case under 42 U.S.C. § 1983. Plaintiff proceeds pro se and in forma pauperis. Plaintiff initiated this action by filing a 134-page Complaint. Before the Complaint was fully screened, Plaintiff submitted a 113-page Motion for Preliminary Injunction (Doc. 5) and a 313-page Amended Complaint (Doc. 6).

Plaintiff alleges that his Eighth Amendment rights were violated by defendants' deliberate indifference, failure to protect, and failure to act. (Doc. 6, at 14–15.) He claims he is being discriminated against in violation of the ADA based on his diabetes, and that he is being retaliated against for complaining. *Id*. Plaintiff claims that Jeff Zmuda, the KDOC Secretary of Corrections, failed to supervise all of the other defendants. *Id*.

Plaintiff names 44 defendants, including KDOC staff, staff from the El Dorado Correctional Facility ("EDCF"), staff from Aramark, staff from Centurion, and the Warden and Deputy Warden from LCF.  Plaintiff seeks injunctive relief in the form of a court order ruling that he "be given [his] prescribed insulins consistently according to [his] MAR as prescribed by the Provider, as defined by the Centurion-KDOC contract, and that Centurion stock adequate supplies."  Id. at 16.  Plaintiff also seeks:

> a) The carbohydrate info for each item on the 2200 diabetic menu
> b)  A minimum of 2 oz shelf stable protein in my 2200 snack sack at dinner
> c) My strict diet portions as prescribed and as stipulated by the ACS Dietician
> d) Regular timing of both meals and insulin each day
> e) Max of $100,000 punitive damages from Centurion defendant
> f) Max of $200,000 punitive damages from Aramark defendant
> g) Max of $200,000 punitive damages from KDOC Defendants
> h) I'd like a jury to decide my case please and decide how much to penalize each defendant specifically

Doc. 6–1, at 1.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### 1. Previous Action

It appears that Plaintiff has raised these same claims or similar claims in a prior case.  *See Erwin v. Zmuda*, Case No. 21-3213-SAC.  In that action, Plaintiff alleged the denial of proper accommodations and care for his diabetic medical condition and named as defendants "Jeff Zmuda, EDCF's Warden and over 40 other defendants, most of whom work in some capacity at EDCF, some of whom are employed by Aramark Food Services, and some of whom are employed by Centurion." *Id*. at Doc. 10, at 1.  Plaintiff alleged constitutional violations and violations of the American with Disabilities Act. *Id*.  Plaintiff sought relief similar to the relief he seeks in his current case.  *See id*. at 1–2.  The Court entered a 39-page Memorandum and Order detailing the deficiencies in Plaintiff's complaint and ordering him to show good cause why the action should not be dismissed.  *Id*.  Plaintiff failed to respond to the Court's Memorandum and Order, and on March 2, 2022, the Court entered a second Memorandum and Order denying Plaintiff's request for a preliminary injunction and dismissing Plaintiff's claims

for the reasons set out in the Court's prior Memorandum and Order. *See id*. at Doc. 11. The Court dismissed the following claims, in addition to others, **with prejudice**: "4) all ADA claims against individual defendants sued in their individual capacities and all individual defendants employed by the private corporations Centurion and Aramark; and 5) any request for compensatory or punitive damages." *Id*. at 6. All other claims were dismissed without prejudice. *Id*. Plaintiff cannot bring claims in his currently action that were dismissed with prejudice in his prior case.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that was dismissed).

In filing a second amended complaint, Plaintiff should keep in mind the deficiencies that were pointed out to him in his prior case. The Court noted in that case that:

> This order nor its prior one should be read or understood as dismissive of the baseline seriousness for the care and treatment of a prisoner who has type 1 diabetes and is dependent on insulin. The plaintiff's complaint, however, comes across as wanting a more comfortable prison rather than stopping an inhumane one. See *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Erwin has alleged in detail his frustration over staff's delays, their inability to meet his schedule for meals and shots consistently and particularly now that he is in segregation, and their repeated failure to respond immediately to his complaints and concerns over their delays. Not directly alleged but inferable from his pleadings is that the defendants seem to appreciate the seriousness of his condition and to accommodate his physical needs and care with substitute foods and alternative measures to work around the lengthier, but only occasional, institutional breakdowns in delivering meals and care on schedule. As for all other delays, there is nothing alleged about

their circumstances that approaches substantial harm or deliberate indifference.

What is lacking from the plaintiff's allegations are the objective facts showing what medical care and treatment was ordered by medical staff for his specific condition and what, if any, substantial harm resulted from the delays. As fully discussed in the court's prior order, to be a sufficiently serious deprivation under the Eighth Amendment, the delay in medical care must be alleged to have resulted in substantial harm. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2001)("The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). "[S]everal hours of untreated severe pain" counts as substantial harm. *Al-Turki v. Robinson*, 762 F.3d 1188, 1194 (10th Cir. 2014); see *Chapman v. Santini*, 805 Fed. Appx. 548, 554 (10th Cir. 2020) (Inmate had "a severe form of Type 1 diabetes that require[d] specialized medical care," 3 to 6 daily insulin shots, and without such care the inmate's life was "constantly in danger." The lack of care resulted in the inmate suffering "serious bouts of hypoglycemia and hyperglycemia multiple times a week—often several days in a row—as well as multiple life-threatening bouts of extreme hypoglycemia."). The plaintiff Erwin's allegations lack any objective facts showing anything close to what was alleged in *Chapman*. The plaintiff also must allege the defendant exhibited the culpable state of mind known as deliberate indifference, that is, knowing the inmate "faced a substantial risk of harm and disregarded the risk." *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The plaintiff's complaint is deficient in alleging sufficient circumstantial evidence from which to infer that a defendant failed to verify or confirm a "risk that he strongly suspected to exist." *Mata v. Saiz*, 427 F.3d at 752.

As this court's screening order necessarily reflects, the plaintiff's allegations point more to a facility and staff failing to provide the plaintiff with the comfortable place he wants. Such a place in the plaintiff's judgment would rarely miss the timely delivery of a scheduled meal or medication, would correct its food mistakes within 30 minutes, would supply menus with carbohydrate information, would respond immediately to his complaints, and would accept his opinions on the right schedule for medication and meals and on his need for sliced bread over other kinds of bread. The plaintiff has failed to come forward with sufficient allegations of objective facts that present a plausible legal claim for relief or that nudge his claims from conceivable to plausible. It is not this court's duty to add these factual allegations or speculate about them.

*Id*. at 4–6.

Plaintiff's instant action suffers from the same deficiencies noted in his prior case. Plaintiff must cure these deficiencies in any second amended complaint that he submits.

### 2.  Fed. R. Civ. P. 8

Any second amended complaint must also comply with the Federal Rules of Civil Procedure.  Plaintiff's Amended Complaint consists of 313 pages and fails to comply with Fed. R. Civ. P. 8.  Much of the Amended Complaint consists of various Kansas Statutes and KDOC regulations and policy statements that Plaintiff has handwritten verbatim.  *See* Doc. 6–1. Plaintiff also includes various charts dealing with food lists for diabetics, and information from periodicals, articles and studies.  *Id*.

Plaintiff must comply with Fed. R. Civ. P. 8's pleading standards.  Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's Amended Complaint fails to comply with this rule.  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis.  Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)); *see also* D. Kan. Rule 9.1(f) (setting forth the requirements for a § 1983 complaint, including "a brief statement of the facts.")

### 3. Failure to State a Claim

The Court will grant Plaintiff an opportunity to file a second amended complaint. Plaintiff should keep in mind that violations of state law, prison regulations, or agreements with

food contractors, do not provide a cause of action under § 1983. He must state a federal constitutional violation. State statutes do not provide a basis for liability under § 1983 which only protects rights secured by the Constitution and laws of the United States. *D.L. v. United Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (finding that "Plaintiffs' citations to Kansas case law to support their claim . . . is unavailing, as § 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of *state* law.'") (citation omitted).

Likewise, the violation of a prison regulation does not state a constitutional violation unless the prison official's conduct "failed to conform to the constitutional standard." *Porro v. Barnes*, 624 F.3d 1322, 1329 (10th Cir. 2010) (internal quotation marks omitted) (holding prisoner must establish that violation of a prison policy necessarily stated a constitutional violation). As the Tenth Circuit has stated:

> [N]o reasonable jurist could conclude that [a plaintiff's] claim that prison officials deprived him of due process by violating internal prison regulations rises to the level of a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison [They are] not designed to confer rights on inmates…." *Sandin v. Conner*, 515 U.S. 472, 481-82, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

*Brown v. Wyoming Dept. of Corrections*, 234 F. App'x 874, 878 (10th Cir. 2007).

Plaintiff must also show how each named defendant personally participated in the deprivation of his constitutional rights. Plaintiff cannot rely on the supervisory status of a defendant. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation

in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional

provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

### 4. Request for Relief

Plaintiff has named various staff from the El Dorado Correctional Facility as defendants. Plaintiff is not incarcerated at this facility. Therefore, any request for injunctive relief from these defendants would be moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit*

*County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer incarcerated at EDCF, his claims for injunctive relief against EDCF staff are moot.

Any request for compensatory damages would be barred by 42 U.S.C. § 1997e(e), unless Plaintiff alleges a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiffs seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles*, 251 F.3d at 879 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind. Plaintiff's request for punitive damages is subject to dismissal.

**5. Motion for Preliminary Injunction**

Plaintiff has filed a motion for a preliminary injunction (Doc. 5). It appears that the 111-page motion is the same motion or similar to the one he filed in his prior case. He has attempted erase Case No. 21-3213-SAC from the front of the motion and he states that he is at EDCF. (Doc. 5, at 1.) Plaintiff is currently incarcerated at LCF. In other parts of the motion, Plaintiff has erased the reference to EDCF and substituted LCF and has erased certain dates.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a

heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

In light of the dismissal of Plaintiff's prior case and the other deficiencies set forth in this Memorandum and Order to Show Cause, Plaintiff has not shown a likelihood of success on the merits. *See Erwin v. Zmuda*, Case No. 21-3213-SAC, Doc. 11, at 1 – 3 (D. Kan. March 2, 2022) (denying Plaintiff's previous motion for preliminary injunction). The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. Plaintiff's motion is denied.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (22-3170-JWL-JPO) at the top of the first

page of his second amended complaint and he must name every defendant in the caption of the second amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the second amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper second amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 12, 2022,** in which to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **December 12, 2022**, in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 5) is **denied.**

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 10, 2022, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

15