IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER ADAM ERWIN,

    **Plaintiff,**

    v.                                            CASE NO.  22-3170-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  On November 10, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff an opportunity to show good cause why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint or to file a second amended complaint to cure the deficiencies.  This matter is before the Court for screening Plaintiff's Second Amended Complaint (Doc. 9).  The Court's screening standards are set forth in the MOSC.

Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  Plaintiff's claims involve his medical care for his Type 1 diabetes while housed at EDCF.  Plaintiff names sixteen defendants in his Second Amended Complaint and seeks the following injunctive relief:  "carbohydrate info for each item on my prescribed medical diet; regular timing of meals; regular timing of insulin; shelf stable protein in my snack sack on my prescribed medical diet."  (Doc. 9, at 203.)

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the

'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)). Plaintiff's Type 1 diabetes is a serious medical need. *See Hammonds v. Theakston*, 833 F. App'x 295, 300 (11th Cir. 2020) (finding Type 1 diabetes is a "serious medical condition" for deliberate indifference standard); *Davis v. St. Louis Cty., Mo.*, 2015 WL 758218, at *9 (E.D. Mo. 2015) (finding Type 1 diabetes, which required an insulin pump, was sufficient to meet the objective portion of deliberate indifference); *Casares v. Linthicum*, 2019 WL 4781344, at *4 (E.D. Tex. 2019) (referring to "serious Type 1 diabetic condition" under deliberate indifference analysis); *Bolden v. FBOP*, 2016 WL 881177, at *4 (S.D. Ind. 2016) (noting that defendants concede that plaintiff's type 1 diabetes is a "serious medical need").

The deliberate indifference standard also has a subjective component. "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996));

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of EDCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of EDCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

The *Martinez* Report should focus on Plaintiff's request for injunctive relief and why such relief is either unavailable or not required by the Eighth Amendment. For example, Plaintiff alleges that he is being provided with a snack sack to enable him to control his blood sugar levels between meals, but the protein provided is not shelf stable (like peanut butter) but rather is subject to spoilage (like meat) because Plaintiff has no means to refrigerate the sack to preserve it for later consumption. Plaintiff also seeks to have the carbohydrate information provided for items on his medical diet, and to have his meals and insulin provided at appropriate times.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report by **April 10, 2023.** Upon the filing of that Report, the Court will screen Plaintiff's Second Amended Complaint. If the Second Amended Complaint survives screening, the Court will enter a separate order for service and setting an answer deadline.

(2) Officials responsible for the operation of EDCF are directed to undertake a review of the subject matter of the Second Amended Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Second Amended Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to the Second Amended Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the

reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No motion addressed to the Second Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Second Amended Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter Warden Tommy Williams as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Warden may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Warden Tommy Williams, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated February 10, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE