# In The United States District Court For The District of Kansas

Christopher Erwin,
　　Plaintiff

v.

Jeff Zmuda, et al.,
　　Defendants

Case No: 22-CV-3170-JWL-JPO

## Objection To Kansas Department Of Corrections' (KDOC) Legal Counsel, Laine C. Barnard, Motion To File Under Seal And Conventionally Exhibit 3 Of The Investigative Report Prepared Pursuant To "Martinez V. Aaron"

A) I, Christopher Erwin #123076, Plaintiff in this case, respectfully objects to the aforementioned motion by opposing counsel on the grounds that it violates my rights under the Health Insurance Portability and Accountability Act (HIPAA) of 1996.

B) In support of their motion KDOC counsel cited under point (5) that,

"For security reasons, plantiff will not be provided a copy of his medical records but will be allowed to review the file at reasonable times, upon reasonable notice."

C) That above quoted section is specifically what violates my rights under HIPAA. I have repeatedly grieved, through the KDOC grievance procedure, the fact that KDOC and Centurion (medical provider) staff have denied me reasonable access to my medical records even when I properly schedule an appointment to view them with Centurion's medical records custodian here at El Dorado Correctional Facility (EDCF).

D) A specific example of this is grievance # CA 22134 in which I complained about all the unnecessary difficulties and obstructions I had to wade through due to Centurion Staff refusing to provide me access to my medical records for a reasonable amount of time, then frustrated my ability to send my records electronically to my

doctor on the street, Dr. Lamont Bloom in Wichita, Kansas, per the instructions of Centurion staff. These problems occurred from November 4, 2020 to March 11, 2021. Centurion staff falsely claimed my doctor didn't send requests for my records, I then provided them with proof that he did multiple times, then after numerous Form 9's and grievances they sent them.

E) On February 18, 2021 I recieved a grievance response to grievance CA 22134 from Secretary of Corrections Jeff Zmuda's office in which Centurion's Health Information Supervisor Barbara Moe finally agreed to provide my doctor with an electronic copy of about 80 pages of medical records that my doctor then printed and my family mailed to me. In that letter Barbara Moe told me I must have my lawyer send a formal request if I desired any further access to my medical records in the future, which is of course absurd and financially impossible for me.

F) I also mention difficulties with obtaining

access to my medical records in grievance CA 22450 in which I recieved a final disposition from CM II Darcie Holthaus acting as Secretary of Corrections Designee on November 23, 2021. In that response my concerns on several issues, including accessing my medical records, were blown off and not taken seriously by KDOC Staff.

G) During those incidents mentioned above, Centurion records custodian at the time, Ms. Daley, provided me a copy of a KDOC-Centurion joint policy paper that stated I am allowed "reasonable access to my medical records" which they defined as being 15 minutes in the presence of the Centurion records custodian upon Form 9 request. During that appointment I am to provide my own pencil and paper, take notes on specific records I request, am not allowed paper copies, and am not allowed to view my medical records again for at least 90 calendar days.

H) That is not reasonable access to my medical records under normal circumstances let alone in this specific situations where I am acting Pro Se

in this civil case in which opposing counsel for KDOC has attached, in their own words under point (4) in the motion previously mentioned, "1,000 pages" as Exhibit 3.

I) As a Pro Se litigant I am allowed to view all documents filed in this case no matter how numerous and no matter how inconvenient that might be for opposing counsel.

J) Speaking to the difficulty of KDOC counsel to provide me access to my medical records, this is in fact not burdensome for KDOC counsel for several reasons as stated below:

1) In the KDOC-Centurion contract ID 48210 pg. 45 2.20.24 it states,

"KDOC reserves the right to all health information created on Kansas offender population and the data is to remain in control of KDOC and shall not be transferred without explicit consent of the KDOC."

2) In the KDOC-Centurion contract ID 48210 pg. 48

2.20.5.1 it states,

"(a) All offenders shall have an electronic health care record that encompasses medical, behavioral health, dental procedures, and clinical treatment records. The health care record shall be kept current at all times...

(d) KDOC medical units are considered paperless. The Contractor is responsible for providing scanners and scanning any paper documentation that may be generated regarding offender care into the appropriate offender record."

3) In the KDOC-Centurion contract ID 48210 pg. 49 2.20.7 Confidentiality of Offender Health Information it states;

"2.20.7.1 All health information shall be the property of KDOC. Any disputes of records information retrieval shall be referred to the KDOC Chief Legal Counsel.

2.20.7.2 Offender health care information and offender institutional files are confidential

in nature. The Contractor's employees and KDOC employees shall be allowed access to those files only as needed for their duties related to the care of the offender and in accordance with the rules established by KDOC. The Contractor shall honor all policies and procedures for safeguarding the confidentiality of files. The Contractor shall be responsible for ensuring all Federal and State regulations regarding health information privacy are maintained."

4) KDOC has total control over my medical records and all policies associated with allowing me access to them. KDOC can easily allow me access electronically since all my records are already electronic anyways. KDOC has a system setup in the law library where I am allowed access to a special tablet with Lexis-Nexus app so I can do legal research. This could easily be done by KDOC Information Technology (IT) staff for me to confidentially and securely access my medical records on a designated tablet for each day (~7-8 hours) I am scheduled access to that tablet upon submitting a Form 9 to the Unit Team just like with the legal tablet.

5) There are no security reasons that would prohibit my access to my medical records electronically via a app on a designated tablet. Currently, I keep unsecured sick call records and other confidential medical records in my cell with no ability to secure those records due to the KDOC policies about what I am allowed to have in Segregation (banned from having locks). I have a cell mate who has easy access to that information. Correctional Officers are allowed to go into my cell without me present to do shake downs and have ready access to my confidential medical records. KDOC has no issues with these conditions so I don't see why it would be a problem for me to have access to my electronic medical records via a designated tablet that I'd have to log into, use a password, and have facial recognition as per the usual procedures for accessing the legal tablet and the regular tablet with sensitive financial information, emails, and grievance information.

K) As for what constitutes reasonable access, I definitely object to KDOC and Centurion staff's

prior assertions that 15 minutes every 90 calendar days with no paper copies constitutes reasonable access. It does not in any objective way meet the standards of reasonable access to medical records as understood by a reasonable person. This is especially true considering I need to view over 1,000 pages of documents.

4) In the past, medical providers, including APRN Scott Yarnell, have written false and misleading information in my medical records related to my requests for changes to my diabetic treatment so I could better control my blood sugars. Medical staff have routinely failed to record blood sugars, failed to accurately document critical health information, and have written inflamatory comments about me in their notes that have no basis in fact. That's just what I know when I got access to 80 pages of my records after a 5 month long struggle. I, to date, haven't been able to view the hundreds of other documents that could have a fairly significant impact regarding whether or not I am allowed by this Court to proceed in

this civil case that is all about me being denied adequate medical care due to deliberate indifference by multiple staff to my serious diabetic medical needs, I definitely need to have reasonable access to these hundreds of pages of medical records to properly advocate for myself on this case.

M) For the above reasons I feel it is important for me to have reasonable access to my medical records. Personally, I view this as being given a designated tablet where I can electronically access my medical records upon Form 9 request at least one day per 7 calendar days for 7-8 hours at a time due to the fact I need to review over 1,000 pages of my medical records KDOC Counsel attached as Exhibit 3 to their motion related to the Court ordered Martinez Report due on June 9, 2023.

I ask that the Court please grant my request in the interests of justice and with respect to my rights under HIPAA, as well as my rights as a Pro Se litigant.

Respectfully,
Christopher Erwin #123078
*[signature]*
6/7/2023
El Dorado Correctional Facility (EDCF)
1737 SE HWY 54 PO Box 311
El Dorado, Kansas 67042

## Certificate of Service

I hereby certify that on June 7, 2023 I placed the foregoing motion into the prison mailbox, per the prison mailbox rule, through my Unit Team at El Dorado Correctional Facility (EDCF).

Respectfully,
Christopher Erwin #123078
*[signature]*
6/7/2023
El Dorado Correctional Facility (EDCF)
1737 SE HWY 54 PO Box 311
El Dorado, Kansas 67042