UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER ERWIN, | ) |
| Plaintiff, | ) Case No. 22-3170-JWL-JPO |
| v. | ) |
| JEFF ZMUDA, et al., | ) |
| Defendants. | ) |

### AFFIDAVIT OF PAIGE DODSON, M.D.

Pursuant to 28 U.S.C. § 1746, Paige Dodson, M.D., state under oath as follows:

1. My name is Paige Dodson. I am over eighteen years of age, suffer from no impairment, and am otherwise legally competent to make this affidavit.

2. The matters stated in this affidavit are based on my personal knowledge and review of the medical records of the plaintiff, Christopher Erwin, as maintained by Centurion as custodian on behalf of the Kansas Department of Corrections ("KDOC").

3. I am familiar with the retention of medical records by Centurion and KDOC. The case file, records, and notes for Mr. Erwin contain opinions, acts, and events made at or near the time of entry by a person with knowledge and were made and kept during the regularly conducted business activity by Centurion and KDOC. These records were made in the ordinary course of the provision of health care services to inmates in custody. It was a regular business activity of Centurion and KDOC to make and keep such records. I am relying on my personal recollection and the information contained in Mr. Erwin's case file, records, and notes in accordance with standard medical health professional practice. I have given the opinions stated herein with a reasonable degree of certainty.

4. I obtained my medical doctor degree from the University of Kansas-Wichita in 2009. I also hold a Master's Degree in Public Health from Portland State University, and am a Fellow of the American Academy of Family Physicians (FAAFP). I am board certified in Family Medicine and Preventive Medicine. I began practicing medicine in 2010, and have practiced medicine for a total of 12 years.

5. In 2020, I began working as the Statewide Medical Director for Centurion of Kansas, LLC ("Centurion"). As Statewide Medical Director, my job duties include reviewing and management of the medical care provided by physicians and other medical personnel in KDOC facilities across the state of Kansas.

6. Centurion provides contractually-specified medical care at correctional facilities in Kansas. Generally, medical care is provided at the facility where an individual is incarcerated. If the facility does not have the ability to provide certain care, Centurion coordinates the provision of that care through local medical providers.

7. Christopher Erwin (DOB: 04/28/1982) is currently incarcerated at EDCF. According to medical records that I have reviewed, Mr. Erwin has Type 1 diabetes and requires insulin and glucose monitoring on a daily basis. While at EDCF, Mr. Erwin's medical needs have been thoroughly and regularly assessed. Mr. Erwin is lucid, and able to contact medical staff, who are available at any time. Records indicate Mr. Erwin has very aggressive and violent behaviors and was placed in a segregated housing unit due to these behaviors. I am aware that Mr. Erwin has made several claims against EDCF correctional and medical staff for events that occurred between 2020 and 2023.

8. Mr. Erwin was prescribed a diabetic diet that is appropriate according to the American Diabetes Association. This carb-consistent diet includes a medically-prescribed snack

pack used to control his blood sugars as needed in between meals. All inmates that require this diet receive the same meal contents and snacks. Mr. Erwin takes issue with the meals provided at EDCF and insists he receive a custom diet but medical staff do not control the contents of the meals and snacks. The meals are designed by a separate vendor under the direction of registered dieticians. Similarly, medical staff do not determine when an inmate's food is delivered. Additional food is available for purchase from the canteen, which was available to Mr. Erwin.

9. Mr. Erwin additionally claims it is impossible to control his diabetes without knowing the carb counts of his meal trays, but that opinion and belief is based on an outdated belief that carb counts are needed for diabetes management. This is no longer required for effective diabetes management. However, even if Mr. Erwin wanted to count carbs, he could easily do that with the meals provided to him. His current diet order is for a 2500 diabetic diet and a snack pack and contains approximately the same amount of carbohydrates every day.

10. Mr. Erwin claims in his grievance his blood sugars "have been constantly out of control" but records indicate his blood sugar control has generally been near goal while he has been incarcerated. There have been only two times where his blood sugar levels were over 7.5—August 9, 2022 (8.7) and November 15, 2019 (8.0). Based on my review of his records, Mr. Erwin's blood sugar levels have otherwise been under 7.5.

11. Records indicate that at various times during his incarceration, Mr. Erwin refused to take insulin and/or did not take it as prescribed. Mr. Erwin does have a right to refuse medical care, even if it is against his best interests, however this does make providing effective diabetes care difficult. Additionally, at various times during his incarceration, medical staff suggested modifying his insulin or prescribing a different insulin. Often times, Mr. Erwin would not agree with this plan, as he wanted to dictate his own care, and would become very angry. For example,

Mr. Erwin wanted to go on long-lasting insulin and was ultimately given long-lasting insulin, and then became unhappy that he was on the long-lasting insulin.

12. Mr. Erwin was routinely encouraged to take his medicine daily, limit caffeine, and avoid nicotine and alcohol. He was also encouraged to maintain a healthy diet and was provided education on the dietary limitations of sodium, fatty foods, simple carbohydrates, and refined sugar. He was encouraged to eat a diet high in fruits, vegetables, whole grains, and low-fat dairy products. Mr. Erwin was also encouraged to maintain a healthy weight and regularly exercise.

13. In sum, appropriate care was provided to Mr. Erwin to manage his diabetes at EDCF.

Pursuant to 28 U.S.C. § 1746, the above statements are true and based upon my personal knowledge and expertise to which I am competent to testify at trial. I declare, certify, verify, and state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**FURTHER AFFIANT SAYETH NOT.**

5/31/23
Date

_____
Paige Dodson, MD