IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER ADAM ERWIN,**

    **Plaintiff,**

    v.                                  CASE NO. 22-3170-JWL

**JEFF ZMUDA, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").

On November 10, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff an opportunity to show good cause why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint or to file a second amended complaint to cure the deficiencies. Plaintiff filed a Second Amended Complaint (Doc. 9). On February 10, 2023, the Court entered a Memorandum and Order (Doc. 11) ("M&O"), finding that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate officials of EDCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the EDCF officials to prepare and file a *Martinez* Report, stating that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 11, at 3.)

The *Martinez* Report (Doc. 18) (the "Report") was filed and the Court entered a Memorandum and Order to Show Cause (Doc. 20) ("MOSC II") granting Plaintiff until July 17,

2023, to show good cause why his Second Amended Complaint should not be dismissed for the reasons set forth in the MOSC II.  The Court granted Plaintiff's motion for extension of time and extended the deadline to August 16, 2023. (Doc. 22.) The Court granted Plaintiff's second Motion for Extension of Time and extended the deadline to August 31, 2023. (Doc. 24.)  The Court granted Plaintiff's third motion for extension of time and extended the deadline to September 14, 2023.  (Doc. 26.)  In the order granting the third extension, the Court noted that Plaintiff stated that he needed additional time to draft a third amended complaint.  (Doc. 26, at 1.)  The Court advised Plaintiff that he was ordered to show good cause why his Second Amended Complaint should not be dismissed for the reasons set forth in the MOSC II, and was not granted leave to file a third amended complaint.  *Id*.  The Court further advised that it would grant the third extension, "but the Court is not inclined to grant further extensions absent compelling circumstances."  *Id*.  The Court granted Plaintiff a fourth extension of time to September 29, 2023.  (Doc. 28.)  Plaintiff has been warned in the MOSC II and all of the orders extending the deadline that the "[f]ailure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim."  (Doc. 20, at 7; Doc. 22, at 1–2; Doc. 24, at 2; Doc. 26, at 2; Doc. 28, at 2.)

The Court found in the MOSC II that Plaintiff has been provided with adequate medical care and Plaintiff's own conduct has interfered with his treatment.  (Doc. 20, at 6.)  Plaintiff also failed to show that a prison official both knew of and disregarded an excessive risk to Plaintiff's health and safety.  *Id*.  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC II.  This matter is dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated October 5, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE**