IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER ADAM ERWIN,

    **Plaintiff,**

    v.                                                                    CASE NO. 22-3170-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On October 5, 2023, the Court entered a Memorandum and Order (Doc. 29) dismissing this matter for failure to state a claim. This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 31).

On November 10, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff an opportunity to show good cause why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint or to file a second amended complaint to cure the deficiencies. Plaintiff filed a Second Amended Complaint (Doc. 9). On February 10, 2023, the Court entered a Memorandum and Order (Doc. 11) ("M&O"), finding that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate officials of EDCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the EDCF officials to prepare and file a *Martinez* Report, stating that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 11, at 3.)

The *Martinez* Report (Doc. 18) (the "Report") was filed and the Court entered a Memorandum and Order to Show Cause (Doc. 20) ("MOSC II") granting Plaintiff until July 17, 2023, to show good cause why his Second Amended Complaint should not be dismissed for the reasons set forth in the MOSC II. The Court granted Plaintiff's motion for extension of time and extended the deadline to August 16, 2023. (Doc. 22.) The Court granted Plaintiff's second Motion for Extension of Time and extended the deadline to August 31, 2023. (Doc. 24.) The Court granted Plaintiff's third motion for extension of time and extended the deadline to September 14, 2023. (Doc. 26.) In the order granting the third extension, the Court noted that Plaintiff stated that he needed additional time to draft a third amended complaint. (Doc. 26, at 1.) The Court advised Plaintiff that he was ordered to show good cause why his Second Amended Complaint should not be dismissed for the reasons set forth in the MOSC II, and was not granted leave to file a third amended complaint. *Id*. The Court further advised that it would grant the third extension, "but the Court is not inclined to grant further extensions absent compelling circumstances." *Id*. The Court granted Plaintiff a fourth extension of time to September 29, 2023. (Doc. 28.) Plaintiff has been warned in the MOSC II and all of the orders extending the deadline that the "[f]ailure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim." (Doc. 20, at 7; Doc. 22, at 1–2; Doc. 24, at 2; Doc. 26, at 2; Doc. 28, at 2.)

The Court found in the MOSC II that Plaintiff has been provided with adequate medical care and Plaintiff's own conduct has interfered with his treatment. (Doc. 20, at 6.) Plaintiff also failed to show that a prison official both knew of and disregarded an excessive risk to Plaintiff's health and safety. *Id*. On October 5, 2023, the Court dismissed this case, finding that Plaintiff

failed to respond by the Court's deadline and failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC II.

On October 10, 2023, Plaintiff filed a Motion to Reconsider (Doc. 31), asking the Court to reconsider the dismissal of his case "due to prison staff not filing case for days." (Doc. 31, at 1.) Plaintiff argues that his 915-page response to the Court's MOSC II was not filed promptly. *Id*. However, Plaintiff acknowledges that the response was due on September 29, 2023, and states that he submitted it to staff for filing on October 3, 2023. *Id*. at 1–2. Therefore, the response, even according to Plaintiff, was submitted to staff after the Court's deadline. Plaintiff alleges that staff denied him access to the court and violated his First Amendment rights by failing to e-file his response.[1] *Id*. at 9.

Plaintiff puts forth an argument as to why he submitted his response untimely on October 3, 2023. He claims it was because he received his milk late on September 18. *Id*. at 10. He was not given his milk until three hours after he received his insulin. *Id*. at 12. Plaintiff claims he delayed any low blood sugar by eating his afternoon snack at lunch, but then he was at risk due to not receiving an additional snack until dinner. *Id*. Plaintiff "was of the opinion" that if he didn't do something he would likely suffer. *Id*. Plaintiff argues that "[a]n incident occurred and Plaintiff Erwin was put in isolation for 18 days." *Id*. at 13. Plaintiff argues that despite all this, he received his legal papers at lunch on September 25, 2023. *Id*. at 13–14. He then completed his paperwork and gave it to staff on October 3, 2023, for filing. *Id*. at 14. Plaintiff acknowledges that he used poor judgment with how he handled the events on September 18, 2023, and apologizes for his role in the delay. *Id*. at 14. He indicates that he asked for mental

---

[1] This case alleges Eighth Amendment claims. If Plaintiff believes he has a First Amendment claim, he should file an action after exhausting his administrative remedies on such a claim.

health to prescribe him anxiety/depression medication and he has now been receiving it for about a week. *Id*.

Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff's motion to reconsider does not address the merits of his case or the reasons for finding that he failed to state a claim for relief. Rather, he argues that his case should be

reopened so that he can file his 915-page response to the Court's MOSC II. However, Plaintiff was given multiple extensions of time and multiple warnings that the failure to respond by the deadline may result in dismissal. Despite this, he acknowledges that he did not submit his response to staff for filing until after the Court's deadline had passed. Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its October 5, 2023 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Reconsider (Doc. 31) is **denied.**

**IT IS SO ORDERED.**

Dated October 10, 2023, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**